# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

————

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
rsmith@mnat.com

August 23, 2019

The Honorable Sherry R. Fallon                                            *VIA ELECTRONIC FILING*
United States Magistrate Judge
United States District Court
   for the District of Delaware
844 North King Street, Unit 14
Wilmington, DE 19801

        Re:    *Baxalta Inc. v. Bayer HealthCare LLC*, C.A. No. 17-1316 (RGA)

Dear Judge Fallon:

        We write on behalf of Defendant Bayer HealthCare LLC ("Bayer") regarding the
June 5, 2019 discovery dispute conference and production of backup tapes by Plaintiff Nektar.

        The Court held a discovery hearing on June 5, 2019, regarding 808 backup tapes
in Nektar's possession to resolve a dispute over responsive backup tape materials Bayer has
diligently sought since October 2018.  (*See* Tr. at 7-8; D.I. 195 at 1-2, Ex. A.)  As Bayer
explained, documents contained on these backup tapes are likely to be relevant to at least Bayer's
defenses of derivation, prior invention, prior sale, and prior use.  (Tr. at 8-9; D.I. 195 at 1.)
During the hearing, the Court ordered Plaintiffs to produce responsive documents from a
sampling of 100 backup tapes.  (Tr. at 27.)  The Court specifically permitted Bayer to request
production from additional tapes after Bayer had a chance to review the produced documents.
(*Id.* at 27 ("[W]ithin two weeks of that production of the sampling of tapes amounting to 100
backup tapes being made, then Bayer should come back to the Court after meeting and
conferring with the other side, if it finds good cause, to ask for an additional sampling or for a
larger production in entirety of the backup tapes….").)

        During the course of the backup tape selection process, Plaintiffs disclosed to
Bayer a list of over 1,200 backup tapes with no explanation for their subsequent listing of tapes
above the 808 they previously represented as having.  Pursuant to the Court's Order, the parties
selected 100 tapes for Plaintiffs to review on June 28, 2019.  Plaintiffs began production from
these 100 backup tapes on July 18, 2019, and did not complete production until August 9, 2019 –
seven weeks after the date set in the scheduling order for substantial completion of document
production.  (D.I. 132 at ¶ 4(c).)  In total, based on Bayer's review, Plaintiffs appear to have
produced approximately 638 documents (over 8,000 pages) from backup tapes.

        Following a review of Plaintiffs' recent productions, Bayer believes recovery of
further backup tapes is warranted because the productions include highly relevant documents that
are not duplicative of those in other productions.  In order to assess what additional backup tape

The Honorable Sherry R. Fallon
August 23, 2019
Page 2

discovery may be appropriate as contemplated by the Court, Bayer has repeatedly sought information from Plaintiffs to ascertain the origin of the documents that Plaintiffs recently produced. *See* June 28, 2019 e-mail Katzeff to Plaintiffs (requesting in advance of any backup tape review that documents be associated with the backup tape on which they were stored); Aug. 13, 2019 e-mail Katzeff to Plaintiffs (explaining that documents should be produced as they are kept in the usual course of business). But Plaintiffs have stonewalled Bayer's attempts to learn which documents were recovered from a backup tape as opposed to another source, much less which backup tapes or locations such documents may have come from. *See, e.g.*, Aug. 15, 2019 Ltr. Kurz to Katzeff at 2. Despite discussion during an August 22, 2019 meet and confer, Plaintiffs have declined to provide Bayer with any information by which to meaningfully evaluate how many and which further tapes it should ask the Court to compel Plaintiffs to produce. Without such information, Bayer is forced to request production from all remaining backup tapes, as opposed to a more targeted subset based on the time period or location of the backup tapes from which relevant documents have been produced.

Bayer attaches a proposed order for the Court's consideration and respectfully requests that the Court compel Plaintiffs to provide identifying information for the backup tape documents or production from the backup tapes. Bayer respectfully requests that the Court order Plaintiffs to provide any identifying information that Plaintiffs or their vendor can reasonably obtain regarding documents produced from backup tapes. Alternatively, if such information is not available, we request that Plaintiffs produce relevant, non-privileged documents from all backup tapes. Bayer is available for a telephonic discovery hearing with the Court regarding this issue. Time is of the essence as fact discovery is now set to close at the end of September, though the parties are in discussions about extending the close of discovery.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II

cc:    Clerk of Court (via hand delivery)
       All Counsel of Record (via electronic mail)