**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BAXALTA INCORPORATED,
BAXALTA US INC., and
NEKTAR THERAPEUTICS,

Plaintiffs and
Counterclaim Defendants,

v.

BAYER HEALTHCARE LLC,

Defendant and
Counterclaim Plaintiff.

C.A. No. 17-1316-RGA-SRF
CONSOLIDATED

**REDACTED VERSION**

**PLAINTIFFS' MOTION TO STRIKE BAYER HEALTHCARE LLC'S MOTION TO CORRECT INVENTORSHIP PURSUANT TO 35 U.S.C. § 256 AND TO DISMISS PURSUANT TO RULE 12(B)(1)**

*Of Counsel:*

Edgar H. Haug
Sandra Kuzmich
Richard F. Kurz
Erika V. Selli
Jason A. Kanter
Kaitlin Abrams
Haug Partners LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
ehaug@haugpartners.com
skuzmich@haugpartners.com
rkurz@haugpartners.com
eselli@haugpartners.com
jkanter@haugpartners.com
kabrams@haugpartners.com

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
pedi@rlf.com

*Attorneys for Plaintiffs
Baxalta Inc., Baxalta US Inc.,
and Nektar Therapeutics*

DATED: July 9, 2020

## I. INTRODUCTION

Plaintiffs Baxalta Inc., Baxalta US Inc., and Nektar Therapeutics ("Plaintiffs") respectfully request that the Court strike Bayer's June 30, 2020 Motion to Correct Inventorship Pursuant to 35 U.S.C. § 256 and to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (D.I. 483, 484 ("Bayer's Motion" or "Motion")). This latest Motion seeks to: (1) introduce a new legal claim into the case (i.e., to change the inventorship of both families of the Patents-in-Suit under 35 U.S.C. § 256) and (2) dismiss the case—purportedly under Rule 12(b)(1) if inventorship is changed—because if, *arguendo*, inventorship is changed not all assignees would have joined the lawsuit and Plaintiffs would allegedly lack standing. (Bayer's Motion at 1, 20.) Contrary to the title of Bayer's Motion, however, controlling precedent reveals that no aspect of the Motion implicates Rule 12(b)(1) or subject matter jurisdiction. As a result, Bayer's Motion should be stricken as an untimely dispositive motion and because it is based on a new cause of action (correction of inventorship), which Bayer has never pleaded.

## II. ARGUMENT

### A. Bayer's Motion Is an Untimely Dispositive Motion that Does Not Implicate Subject Matter Jurisdiction

Under the Court's March 31, 2020 Order extending deadlines in the Scheduling Order, dispositive motions were due by no later than May 29, 2020. (D.I. 445 at 2.) Yet two weeks after the parties completed briefing on dispositive motions, Bayer filed its additional Motion and styled it under Rule 12(b)(1). But in reality, Bayer's Motion is an untimely dispositive motion that does not implicate Rule 12(b)(1).

As detailed below, Federal Circuit precedent makes clear that lack-of-rights arguments, such as those asserted in Bayer's Motion, do not implicate subject matter jurisdiction under Rule 12(b)(1). (*Infra* Section II.A.1.) As a result, Bayer's Motion is not a Rule 12(b)(1) motion that

can arguably be filed at any time. It is instead a dispositive motion that is subject to the deadline set forth in the March 31, 2020 Scheduling Order. (D.I. 445 at 2.) And Bayer cannot demonstrate the requisite good cause and diligence needed to amend such Order to save its Motion.

**1. Bayer's Motion Is Not a Rule 12(b)(1) Motion**

Bayer styles its motion under Rule 12(b)(1), asserting without any legal support that if inventorship is changed, such that Plaintiffs may no longer have all substantial rights in the Patents-in-Suit, then supposedly the Court would lack subject-matter jurisdiction. (D.I. 484 at 13.) Bayer is wrong on multiple fronts.

Bayer's Motion is not a Rule 12(b)(1) motion for lack of subject-matter jurisdiction. The Federal Circuit has explicitly held—and reaffirmed as recently as two months ago—that whether a party possesses all rights in a patent does not implicate standing or subject-matter jurisdiction:

> We expressly held that "[w]e therefore firmly bring ourselves into accord with *Lexmark* and our sister courts by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject matter jurisdiction." As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter.

*Schwendimann v. Arkwright Adv. Coating Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020) (quoting *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019), and citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)). Moreover, questions of patent law, such as inventorship under § 256 as raised in Bayer's Motion, also do not implicate jurisdiction. *See Exxon Chem. Patents Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1265-66 (Fed. Cir. 1991) ("When a challenge to jurisdiction is in fact directed only to the merits of a question of patent law, it is proper for the district court to accept jurisdiction under § 1338(a)." (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). And as *Lone Star Silicon* explained, "following *Lexmark*, . . . motions to dismiss based on 'statutory standing' defects are properly brought under

Rule 12(b)(6) rather than Rule 12(b)(1) in recognition of the fact that such defects are not jurisdictional." 925 F.3d at 1235.

Thus, it is unequivocal that Bayer's Motion does not implicate the Court's subject-matter jurisdiction. And the reference to Rule 12(b)(1) in the caption of Bayer's Motion does nothing to change the nature of the motion. "When construing a motion, ordinarily its substance is controlling over its form[,]" and "the nature of the motion is ordinarily determined by its essence or substance or the relief sought, not by its title, label, or caption." *Harris v. Paige*, No. 08-2126, 2011 WL 1288672, at *1 (E.D. Pa. Apr. 4, 2011); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 909 n.10 (1990) (noting that the court will construe a motion, however styled, to be the type of motion proper for the relief requested). Thus, Bayer's Motion is a belated dispositive motion that should not be considered to be a Rule 12(b)(1) motion.

**2. Bayer's Motion to Correct Inventorship and to Dismiss the Lawsuit Violates the Scheduling Order**

Because Bayer's Motion is not a jurisdictional motion that can be filed at any time, it is subject to the Scheduling Order. Thus, Bayer has no excuse for failing to bring its Motion by the May 29, 2020, deadline for dispositive motions. (D.I. 445 at 2.) Further, in the same Order the Court limited the parties to a single 40-page brief on dispositive issues (*id.*), and Bayer has already used all of its allotted pages in its earlier summary judgment paper (D.I. 451).

Bayer never sought to modify the Scheduling Order, nor could it at this late date because Bayer cannot demonstrate good cause, let alone diligence, to modify the Order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Bayer HealthCare LLC v. Baxalta Inc.*, No. 16-1122-RGA, 2019 WL 291143 at *2 (D. Del. Jan. 22, 2019) ("Good cause is present when the schedule cannot be met despite the moving party's diligence." (quoting *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, No. 15-785-LPS, 2016 WL

6693113, at *1 (D. Del. Nov 14, 2016)). Indeed, proof of Bayer's lack of diligence is that Drs. Tomic and Harris, the two individuals Bayer alleges should be added as inventors to the Patents-in-Suit, were deposed more than eight months ago—on September 20, 2019 and October 15, 2019, respectively. And Bayer does not cite any new evidence in its Motion directed to the issue of inventorship that it did not have well before the deadline for dispositive motions. Thus, even if Bayer had requested a modification to the Scheduling Order, Bayer has no good cause to support such a request and cannot demonstrate the required diligence in now seeking such relief.

Accordingly, Bayer's new dispositive Motion is untimely and should be stricken. *See* Fed. R. Civ. P. 16(f)(1)(C) (providing that when a party or attorney disobeys a scheduling order, "the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)–(vii)"); *Southco, Inc. v. Fivetech Tech., Inc.*, No. 10-1060, 2017 WL 2079882, at *10-11 (E.D. Pa. May 15, 2017) (striking an untimely motion for summary judgment under Rule 16(f)); *cf.* Fed. R. Civ. P. 37(b)(2)(A)(iii) (permitting a court to "strik[e] pleadings in whole or in part").

**B. Bayer's Motion Impermissibly Pursues a Cause of Action that Bayer Has Not Pleaded**

Bayer's Motion is also improper because Bayer has not pleaded a cause of action under § 256 to change inventorship, and the time to amend pleadings ended long ago. (D.I. 293 ¶ 2 (all motions to amend or supplement the pleadings "shall be filed on or before October 11, 2019").) Section 256 is a separate cause of action and therefore must be expressly pleaded to seek such relief. *See CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1358 (Fed. Cir. 2019) (Section 256 "provides a cause of action to interested parties to have the inventorship of a patent changed to reflect the true inventors of the subject matter claimed in the patent.").

Bayer's operative Answers and Counterclaims (D.I. 61; C.A. 18-1355, D.I. 13) and its Amended Answers and Counterclaims (D.I. 333; D.I. 381) do not even mention § 256, let alone

state of cause of action under this section of the patent statute. Nor did Bayer seek relief under § 256 in its pleadings. "A pleading that states a claim for relief must contain: . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Simply put, Bayer's pleadings do not include a cause of action under § 256, and its prayers for relief do not seek the relief Bayer now requests, i.e., change of inventorship. Instead, Bayer's only claim for relief with respect to inventorship seeks a finding of invalidity, stating that "[t]he asserted patents are invalid under at least the provisions of pre-America Invents Act 35 U.S.C. §§ 102(f) and 102(g)." (C.A. 18-1355, D.I. 13 at 15; D.I. 61 at 22; D.I. 301 at 26; D.I. 333 at 26; D.I. 381 at 15). The plain language of Bayer's pleadings is in conflict with, and cannot be construed to include, a § 256 request. Indeed, the purpose of § 256 is to preserve the validity of, rather than invalidate, a patent. *See* § 256(b) ("The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section."). Accordingly, Bayer has not pleaded a cause of action under § 256.

In addition, even if § 256 were a defense to infringement and not a separate cause of action, Bayer would still be required to include that defense in its pleading. For example, when responding to a pleading, "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). And § 282(b)(4) requires "defenses in any action involving the validity or infringement of a patent . . . shall be pleaded," including any "fact or act made a defense by this title." 35 U.S.C. § 282(b)(4); *see also Kontrick v. Ryan*, 540 U.S. 443, 459 (2004) (noting that a defense is ordinarily lost if not included in the answer); 5 Charles Alan Wright et al., Federal Practice & Procedure § 1278 (3d ed. 2015) ("It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required

by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case . . . ."). By failing to plead a § 256 defense, Bayer waived it.

Further demonstrating that Bayer's § 256 request is new, Bayer's Motion for the first time argues that "Drs. Tomic and Harris are omitted co-inventors" of the Patents-in-Suit. (D.I. 484 at 14, 20 (capitalization from headers omitted).) That is, Bayer now asserts that Drs. Tomic and Harris allegedly collaborated with each other and with the named inventors of the Patents-in-Suit, to jointly arrive at the claimed inventions. *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004) (noting that joint inventorship requires "collaboration or concerted" efforts "when the inventors have some open line of communication during or in temporal proximity to their inventive efforts"). But prior to its Motion, Bayer had pleaded, argued, and contended that the asserted claims of the Patents-in-Suit were allegedly derived from (§ 102(f)) or previously invented by (§ 102(g)) only Dr. Tomic (*see* C.A. 18-1355, D.I. 13 at 15; D.I. 61 at 22). Seeking to invalidate the patents under a derivation or prior invention theory is inconsistent with Bayer's new claim of preserving validity under a joint inventorship theory. Furthermore, that a § 256 claim is wholly new is demonstrated by the purported "assignment" from Dr. Tomic that Bayer submitted in support of its Motion, which was dated on June 24, 2020, less than a week before the Motion.[1] (D.I. 485, Ex. 1 at 1.) Bayer's joint inventorship theory and § 256 claim are new and untimely.

---

1 [redacted]

**1. Bayer Cannot Demonstrate the Requisite Good Cause, Diligence, and Lack of Prejudice to Support a Modification to the Scheduling Order to Amend Its Pleadings**

Any attempt by Bayer to bring a cause of action under § 256 at this stage of the case requires an amendment of Bayer's pleadings. But the deadline to amend the pleadings expired on October 11, 2019. (D.I. 293 at 2.) While Bayer should have sought leave to bring these claims before filing its Motion, Bayer would not in any event be able to demonstrate good cause, let alone the requisite diligence, to amend the pleadings outside of the time permitted by the Scheduling Order. As this Court previously explained, "[a]lthough Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings generally, Rule 16(b) also applies when a party moves to amend past the date set by the scheduling order." *Bayer*, 2019 WL 291143 at *2 (citing *E. Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Meda Pharm.*, 2016 WL 6693113, at *1 & n.2). As discussed Section II.A.2, *supra*, Bayer does not satisfy Rule 16(b)'s strictures. *See also* Fed. R. Civ. P. 16(b)(4); *iCeutica Pty Ltd v. Novitium Pharma LLC*, No. 18-599-CFC, 2019 WL 4604029, at *2 (D. Del. Sept. 23, 2019) (explaining that a "tactical decision" to delay an amendment to the pleadings "does not equate to a showing of good cause under Rule 16" (quoting *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, No. 04-1436-LPS, 2012 WL 1015993, at *6 (D. Del. Mar. 26, 2012))).

Moreover, an amendment to the pleadings with this new allegation of joint inventorship, made after the close of fact and expert discovery, after the date for dispositive motions, and while the parties are preparing for the August pretrial conference, also greatly prejudices Plaintiffs and should therefore not be permitted. *Pharmacy Corp. of Am. v. Askari*, No. 16-1123-RGA, 2020 WL 3060366, at *2 (D. Del. June 9, 2020) (denying motion to amend pleadings close to trial because "[a]llowing [the moving party] to amend the pleadings in a way that would require [the non-moving party] to engage in this additional preparation for a fast-approaching trial date would

be prejudicial . . ."); *Mullin v. Balicki*, 857 F.3d 140, 150 (3d Cir. 2017) ("[P]rejudice to the non-moving party is the touchstone for the denial of an amendment.").

Because Bayer failed to plead a cause of action under § 256, Bayer's attempted dispositive motion under § 256 should be stricken.

## III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court strike Bayer's Motion as untimely, and as improperly seeking relief for causes of action that Bayer did not plead.

*Of Counsel:*

Edgar H. Haug
Sandra Kuzmich
Richard F. Kurz
Erika V. Selli
Jason A. Kanter
Kaitlin Abrams
Haug Partners LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
ehaug@haugpartners.com
skuzmich@haugpartners.com
rkurz@haugpartners.com
eselli@haugpartners.com
jkanter@haugpartners.com
kabrams@haugpartners.com

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
pedi@rlf.com

*Attorneys for Plaintiffs Baxalta Inc., Baxalta US Inc., and Nektar Therapeutics*

DATED: July 9, 2020

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2020, I caused copies of the foregoing document to be served upon the following via Electronic Mail:

Rodger D. Smith II
Michael J. Flynn
Jennifer A. Ward
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Bradford J. Badke
Sona De
Ching-Lee Fukuda
Julie L. Hsia
Timothy Q. Li
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Sue Wang
Saurabh Prabhakar
Sidley Austin LLP
555 California Street, Suite 2000
San Francisco, CA 94104

Lauren C. Katzeff
Lauren Cranford Katzeff
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com