IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAXALTA INCORPORATED, BAXALTA US INC. and NEKTAR THERAPEUTICS,<br><br>      Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>BAYER HEALTHCARE LLC,<br><br>      Defendant and Counterclaim Plaintiff. | C.A. No. 17-1316 (RGA)<br>CONSOLIDATED<br><br>**PUBLIC VERSION** |

**BAYER HEALTHCARE LLC'S MOTION *IN LIMINE* NO. 3
TO PRECLUDE EVIDENCE OF THE PTAB DECISION TO
NOT INSTITUTE *INTER PARTES* REVIEW PROCEEDINGS AGAINST
US. PATENT NO. 8,809,453**

Bayer moves *in limine* to preclude Plaintiffs from presenting evidence or making reference to the Patent Trial and Appeal Board's ("PTAB") decision not to institute *inter partes* review ("IPR") proceedings filed by NOF Corporation against asserted U.S. Patent No. 8,809,453 ("'453 patent"). The Court should exclude any reference to the PTAB decision regarding the '453 patent because it has minimal, if any, relevance to the issues for trial. *See* Fed. R. Evid. 401, 402. To the extent the decision has any relevance, Rule 403 strongly favors exclusion, as any negligible probative value of the PTAB decision not to institute IPR proceedings is substantially outweighed by the risk of jury confusion—essentially creating a trial within a trial—and unfair prejudice to Bayer, which had no role in the IPR proceedings.

Delaware courts have routinely held that the PTAB's decision not to institute an IPR proceeding is inadmissible under Rule 403. *See, e.g.*, *Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-542-JFB-SRF, 2019 WL 1100471, at *3 (D. Del. Mar. 7, 2019) (excluding all reference to the PTAB's decision not to institute an IPR); *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, C.A. No. 15-152-RGA, 2018 WL 6629705, at *1 (D. Del. Oct. 12, 2018) (same); *Andover Healthcare, Inc. v. 3M Co.*, C.A No. 13-843-LPS, 2016 WL 6404111, at *2 (D. Del. Oct. 27, 2016) (same); *ART+COM Innovationpool GmbH v. Google Inc.*, C.A. No. 14-217-TBD, 2016 WL 11531119, at *2 (D. Del. May 16, 2016) (same).

Courts have excluded evidence of PTAB decisions not to institute IPR proceedings on a number of independent grounds. First, reference to a PTAB decision denying institution of an IPR is likely to confuse a jury and result in prejudice because it is not a final decision on validity. *See Andover*, 2016 WL 6404111, at *2. Second, a PTAB decision not to institute IPR proceedings is not made on a full record with the benefit of a full adversarial proceeding—such institution decisions are based on the petition and the patent owner's preliminary response, thus further diminishing any probative value of the decision. *See ART+COM*, 2016 WL 11531119, at *2. Third,

1

there is no estoppel effect from a PTAB decision denying institution, even further diminishing any possible probative value of the decision. *See Evolved Wireless*, 2019 WL 1100471, at *3. That is particularly so for Bayer, which was not the petitioner and had no involvement in the proceedings.

Here, evidence of the PTAB's decision not to institute IPR proceedings has minimal, if any, probative value and has an extremely high risk of prejudice to Bayer. Nektar has the advantage of being a party in such proceedings. It was represented by the same counsel involved in this case and is familiar with the complete record, which is redacted in parts. The effort Bayer would have to expend to come up to speed on that record, let alone properly provide context and describe the distinctions between district court and IPR proceedings to a jury, would waste Bayer's already limited time, in a case with 24 asserted claims across 10 patents from two different patent families, and unfairly prejudice Bayer. *See Bio-Rad*, 2018 WL 6629705, at *1. In addition, Bayer would be significantly prejudiced by having to explain that it is not estopped from asserting the prior art that overlaps with that used in NOF's petition. Such a loss of time and resulting jury confusion cannot be cured through a limited instruction by the Court, which would only highlight the prejudice to Bayer. *See Acantha LLC v. Depuy Orthopaedics Inc.*, C.A. No. 15-cv-1257, 2018 WL 2431852, at *3 (E.D. Wis. May 30, 2018) ("parsing through the differences between court and IPR proceedings could create jury confusion that cannot be cured through a jury instruction").

The balancing test under Rule 403 weighs heavily in favor of excluding IPR institution denials as risk of unfair prejudice and likelihood of confusing the jury far outweigh the minimal (if any) probative value of such evidence. Bayer respectfully requests that the Court preclude any reference to the PTAB's decision not to institute IPR proceedings against the '453 patent.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAXALTA INCORPORATED,<br>BAXALTA US INC., and<br>NEKTAR THERAPEUTICS,<br><br>        Plaintiff,<br><br>        v.<br><br>BAYER HEALTHCARE LLC,<br><br>        Defendants. | C.A. No. 17-1316-RGA-SRF<br>CONSOLIDATED<br><br>**PUBLIC VERSION** |

## PLAINTIFFS' RESPONSE TO
## BAYER HEALTHCARE LLC'S MOTION *IN LIMINE* NO. 3
## TO PRECLUDE EVIDENCE OF THE PTAB DECISION TO
## NOT INSTITUTE INTER PARTES REVIEW PROCEEDINGS AGAINST
## US. PATENT NO. 8,809,453

*Of Counsel:*

Edgar H. Haug
Sandra Kuzmich
Richard F. Kurz
Erika V. Selli
Kaitlin M. Abrams
Haug Partners LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
ehaug@haugpartners.com
skuzmich@haugpartners.com
rkurz@haugpartners.com
eselli@haugpartners.com
kabrams@haugpartners.com

DATED: August 12, 2020

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
pedi@rlf.com

*Attorneys for Plaintiffs*
*Baxalta Inc., Baxalta US Inc., and*
*Nektar Therapeutics*

Bayer's MIL No. 3 seeks to preclude Plaintiffs from presenting evidence or making reference to two decisions by the PTAB declining to institute *inter partes* review ("IPR"). (MIL3 at 1.) By way of background, NOF Corporation ("NOF")—the supplier of the polyethylene glycol ("PEG") reagent that Bayer uses to make the accused Jivi® product—filed six petitions requesting IPR of five patents owned by Plaintiff Nektar Therapeutics (referred to in this litigation as the "Bentley Patents"). Three of NOF's petitions were denied institution. *See* IPR2019-01392, Paper 23 (PTAB Feb. 4, 2020); IPR2019-01395, Paper 21 (PTAB, Feb. 4, 2020); IPR2019-01396, Paper 19 (PTAB Feb. 10, 2019). One of the three denied NOF's petitions (IPR2019-01396) is the subject of Bayer's MIL3 and involves a patent that is presently asserted in this litigation (i.e., U.S. Patent No. 8,809,453). Three of NOF's petitions were instituted, two of which (IPR2019-01397 and IPR2019-01398) also involve patents presently asserted in this litigation (i.e., U.S. Patent Nos. 8,273,833 and 9,187,569); MIL3 is silent as to these institution decisions. NOF has asserted prior art in the IPR proceedings that overlaps with prior art asserted by Bayer in the instant litigation against the Bentley Patents.

On July 23, 2020, Bayer inquired as to "Plaintiffs' position regarding the relevance of the IPR proceedings against the Bentley patents . . . to any issue for trial[.]" (Ex. 1 at 3.) Plaintiffs responded that they had not yet decided on a position, and asked for Bayer's position. (*Id.* at 2.) In response, Bayer originally stated its belief that the IPRs "are not relevant to any issue for trial" (*id.*), but 25 minutes later, Bayer backtracked—specifying that it believed that "denials of institution are not relevant to any issue for trial." (*Id.* at 1.) Bayer's flip-flop, taken together with the fact that Bayer's MIL3 is limited to the exclusion of only the denials of institution of IPRs, suggests that Bayer intends to introduce evidence of the ongoing IPR proceedings at trial.

For the reasons outlined below, Plaintiffs respectfully request that the Court either:

(1) preclude any reference to the NOF IPRs, including the PTAB's decisions concerning both institution and denials of institution for the IPR proceedings against the Bentley Patents, or (2) in the alternative deny MIL3 and allow the parties to introduce evidence as to both denials and institutions of the NOF IPRs.[1]

Although MIL3 is limited to the PTAB's decisions denying institution of the NOF IPRs, Bayer's arguments apply equally to the ongoing institution proceedings.  For example, Bayer argues that "reference to a PTAB decision denying institution of an IPR is likely to confuse a jury and result in prejudice because it is not a final decision on validity." (MIL3 at 1.)  But a decision concerning institution is also not a final decision on validity.  Bayer argues that a PTAB decision not to institute IPR "is not made on a full record with the benefit of a full adversarial proceeding." (*Id.*)  Neither is a decision granting institution.  Finally, Bayer argues that "there is no estoppel effect from a PTAB decision denying institution." (*Id.* at 2.)  Similarly, estoppel is not triggered by a PTAB decision granting institution.[2]  Bayer cannot seek preclusion of the NOF IPR institution denials on these bases without conceding that the NOF institution decisions suffer from the same procedural posture that warrant preclusion.  *See* Fed. R. Evid. 403.

This Court has previously dealt with the same evidentiary question, and has precluded both denials of institution as well as decisions to institute IPR proceedings:

---

[1] Plaintiffs reserve the right to introduce the NOF IPRs as to issues not presently set for trial.

[2] Estoppel is triggered by a final written decision.  *See* 35 U.S.C. § 315(e)(2).  Plaintiffs expressly reserve the right to estop Bayer from challenging the validity of any Bentley Patent on grounds that it "raised or reasonably could have raised" during the IPR proceedings pending a final written decision of the instituted IPRs.  *Id.*

2

> [T]o the extent Defendant states that it can use the institution of the IPR, or the pendency of IPR proceeding, for any purpose, including lack of willfulness, such evidence would be excluded [because it has little or no probative value, and, to the extent there is any probative value, it is greatly outweighed by the risk of jury confusion and the time it would take to put the failure to institute in an appropriate context]. The parties are instructed that the jury is not to be told about the IPR in any fashion.

*Nox Med. Ehf v. Natus Neurology Inc.*, No. 15-709-RGA, 2018 WL 6629704, at *1 (D. Del. Apr. 12, 2018) (citing Fed. R. Evid. 403). This Court's conclusion and reasoning is consistent with that of other courts. *See, e.g.*, *Chamberlain Grp. Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1351-52 (Fed. Cir. 2019) ("[B]oth ongoing proceedings and denials of institution provide limited probative value that is likely to be outweighed by the prejudice to the opposing party, and limiting instructions to the jury do not necessarily cure the prejudice."); *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 16-284-LPS, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019) ("[Defendant] will not reference the IPRs to support its invalidity defenses and [Plaintiff] will not reference the IPRs to rebut invalidity"); *American Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-6544, 2019 WL 2330855, at *5 (E.D.N.Y. May 31, 2019) ("Neither party may offer evidence of the decisions rendered by the PTAB in the IPR related to the patents-in-suit."). (Ex. 2, *Oyster Optics LLC v. Alcatel-Lucent USA, Inc.*, No. 18-478 (E.D. Tex. June 24, 2020), D.I. 57 at 9 (precluding "evidence or argument regarding the petition for, or outcome of, [IPR] proceedings, including any decisions to institute or not institute review").)

In view of the foregoing, Plaintiffs respectfully request that the Court either: (1) preclude any reference to the NOF IPRs, including the PTAB's decisions concerning both institution and denials of institution for the IPR proceedings against the Bentley Patents, or (2) in the alternative, deny Bayer's MIL3 and allow the parties to introduce evidence as to both denials and institutions of the NOF IPRs.

3

4

*Of Counsel:*

Edgar H. Haug
Sandra Kuzmich
Richard F. Kurz
Erika V. Selli
Kaitlin M. Abrams
Haug Partners LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
ehaug@haugpartners.com
skuzmich@haugpartners.com
rkurz@haugpartners.com
eselli@haugpartners.com
kabrams@haugpartners.com

Dated:  August 12, 2020

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
pedi@rlf.com

*Attorneys for Plaintiffs*
*Baxalta Inc., Baxalta US Inc., and*
*Nektar Therapeutics*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAXALTA INCORPORATED, <br> BAXALTA US INC. and <br> NEKTAR THERAPEUTICS, <br><br>     Plaintiffs and <br>     Counterclaim Defendants, <br><br> v. <br><br> BAYER HEALTHCARE LLC, <br><br>     Defendant and <br>     Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 17-1316 (RGA) <br> CONSOLIDATED |

**BAYER'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3
TO PRECLUDE EVIDENCE OF THE PTAB DECISION TO
NOT INSTITUTE *INTER PARTES* REVIEW PROCEEDINGS AGAINST
U.S. PATENT NO. 8,809,453**

Plaintiffs concede that it is improper to raise the PTAB decision denying institution of the NOF IPR that is the subject of Bayer's MIL. Pls' MIL3 Resp. at 2. This is reason alone to grant Bayer's MIL.

Plaintiffs further represent that they will not raise any other IPRs filed by NOF. Pls' MIL3 Resp. at 2.[1] Consequently, Plaintiffs' alternative request that the Court allow Plaintiffs to reference "both denials and institutions of the NOF IPRs" should be rejected as contrary to their own representations that NOF's IPR proceedings are not relevant and contrary to the vast body of law in Delaware deeming IPR institution decisions inadmissible. *See* Bayer's MIL3 at 1 (citing cases).

Plaintiffs' footnotes inject inaccurate arguments that do not bear on this MIL. Plaintiffs' estoppel argument against Bayer (Pls' MIL3 Resp. at n.2) is both legally and factually incorrect. The PTAB found Bayer is not a real party in interest in the NOF IPRs ("we are not persuaded that Bayer is an RPI," Ex. A, IPR2019-01397, Paper 30 at 11) and, therefore, estoppel would not apply to Bayer because it was not a party who "raised or reasonably could have raised" any theories of invalidity in those proceedings. Pls' MIL3 Resp. at n.2.  Moreover, as Plaintiffs admit, there is no estoppel effect from an institution decision. Any estoppel would arise only upon a final written decision by the PTAB and would not apply to Bayer. As to Plaintiffs' assertion that they may rely on the NOF IPRs to argue "issues not presently set for trial" (Pls' MIL3 Resp. at n.1), because Bayer is not a party to those IPRs, Bayer does not know what those "issues" could be, let alone how Plaintiffs could properly use them with respect to Bayer in this case.

Given Plaintiffs' agreement that IPR denials are not proper evidence for the jury, Bayer respectfully requests that the Court grant its MIL.

---

[1] Plaintiffs did not file their own MIL on any NOF IPR that was instituted and refused to take any position regarding any such IPR despite Bayer's request (Pls' MIL3 Resp., Ex. 1). Plaintiffs' efforts to expand the scope of Bayer's MIL as an additional fourth MIL for themselves regarding additional NOF IPRs is untimely and improper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2020, I caused copies of the foregoing document to be served upon the following via Electronic Mail:

Bradford J. Badke
Sona De
Ching-Lee Fukuda
Julie L. Hsia
Timothy Q. Li
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

Gwen Hochman Stewart
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-9459

Sue Wang
Saurabh Prabhakar
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772 1200

Paul J. Zegger
Lauren C. Katzeff
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8711

Rodger D. Smith II
Michael J. Flynn
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

 

*/s/ Nicole K. Pedi*
Nicole K. Pedi (#6236)
pedi@rlf.com